UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Changgang Li

    v.                            Civil No. 18-cv-880-PB

Warren Police Department

**REPORT AND RECOMMENDATION**

    Plaintiff Changgang Li filed a complaint (Doc. No. 1) in this matter against the Warren, New Hampshire Police Department ("WPD"), and two defendants located in Massachusetts, the Belmont Police Department ("BPD") and the Cambridge District Court ("CDC").  This court previously severed the claims against the BPD and the CDC from the claims against the WPD, opened a new case containing the claims against the Massachusetts defendants, and transferred the newly opened case to the District of Massachusetts.  See Jan. 9, 2019 Order (Doc. No. 9). The court now undertakes a further preliminarily review of the complaint (Doc. No. 1), construing the factual assertions in Li's motions (Doc. Nos. 3, 5, 7, 8), and in his objection (Doc. No. 6) to the November 20, 2018 Report and Recommendation ("R&R") as part of the complaint.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**Preliminary Review Standard**

The court may dismiss claims asserted in a complaint filed in forma pauperis if the court lacks jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See id.  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

Although Li's filings are convoluted and lack a clear narrative, the court understands Li to have asserted the following facts in this matter.  Li came to the United States from China in June 2017 with his now-estranged wife, Zhang Weiping, and their two children.  Li purchased a home in Warren, New Hampshire where he lived with his children after arriving in

the United States. It is not clear whether Zhang Weiping ever lived in Warren with Li and the children. Zhang Weiping now lives in Massachusetts with the children, and Li lives in Warren, and has visitation with the children pursuant to proceedings in the CDC.

Li asserts that WPD officers entered his home and arrested him, and then jailed him subsequent to arrest. It appears that Li's arrest may have been, at least in part, due to a BPD warrant. After the WPD arrested Li, the BPD picked him up and brought him to Massachusetts, apparently for a criminal domestic violence case involving Zhang Weipeng. Li does not state whether the WPD independently charged him with any offense. Li further asserts that someone at the WPD seized his wallet at the time of his arrest, and would not give him access to it while he was jailed, which prevented Li from contacting anyone to tell them he had been arrested and incarcerated.

## Claims

In a January 7, 2019 Order (Doc. No. 9), the court found that Li had attempted to assert the following two claims against the WPD:

1.  The WPD violated Li's Fourth Amendment rights by:

    a.  illegally arresting him in his home, and

    b.  illegally searching and seizing his wallet.

>    2.   The WPD, by illegally arresting and incarcerating Li, interfered with Li's First and Fourteenth Amendment rights to familial association and to parent his children.

In his objection (Doc. No. 6) to the November 2018 R&R, Li stated facts which, liberally construed, assert a third claim against the WPD, as follows:

>    3.   The WPD violated Li's Fourteenth Amendment right to equal protection of the law, in that the WPD discriminated against him by failing to accept his statement, and by failing to give him a "clear reply."

**Discussion**

I.   Claims Against the WPD

   A.   Individual Capacity Claims Against WPD Officers

Li's claims arise under 42 U.S.C. § 1983, which "renders persons acting under color of state law liable for constitutional and federal-law violations." Elena v. Mun'y of San Juan, 677 F.3d 1, 6 (1st Cir. 2012).  Li has sued only the WPD, however, and has not identified the individual WPD officers who committed the acts underlying his claims.  A municipal police department, such as the WPD, is not a "person" within the meaning of § 1983.  See Vick v. Massachusetts, No. 17-11531-PBS, 2017 U.S. Dist. LEXIS 149767, at *4-*5, 2017 WL 4102454, at *2 (D. Mass. Sept. 15, 2017).  In the event Li intends to sue one or more individual wpD officers in this action, in their individual capacities, in an Order issued simultaneously with

4

this Report and Recommendation ("R&R"), the court grants Li the opportunity to amend his complaint to do so. In amending his complaint, Li must identify individual WPD officers or employees who Li intends to sue, and to describe, with specificity, what each identified individual defendant officer did or failed to do that violated Li's constitutional rights.

### B.   Supervisory and Municipal Liability

Li may be attempting to sue the WPD as a supervisory authority responsible for the challenged actions of WPD officers. "A supervisor may be held liable for the constitutional violations committed by his subordinates where 'an affirmative link between the behavior of a subordinate and the action or inaction of his supervisor exists such that the supervisor's conduct led inexorably to the constitutional violation.'"  Morales v. Chadbourne, 793 F.3d 208, 221 (1st Cir. 2015) (citations omitted).

Li may also be attempting to bring suit against the WPD under a theory of municipal liability. Such a claim is, in effect, a claim against the Town of Warren. A county or other local government, however, may not be held liable under 42 U.S.C. § 1983 for violating a plaintiff's federal constitutional rights simply because an employee of the municipality committed such a violation.  See Iqbal, 556 U.S. at 677. A plaintiff who

brings a § 1983 action against a municipality "must identify a municipal policy or custom that caused the plaintiff's injury." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (citations and internal quotation marks omitted).  "[W]hen execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," then "the government as an entity" may be held responsible under § 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

    To date, Li has not stated a claim against the WPD upon which relief might be granted under a theory of either supervisory liability or municipal liability.  As set forth in the Order issued simultaneously with this R&R, Li is granted leave to amend his complaint to state specific facts which show that the WPD may be sued under a theory of supervisory or municipal liability.

    C.    <u>Unsupported Legal Conclusions</u>

    Li alleges generally that the WPD deprived him of "all of [his] rights," Doc. No. 1, at 2, insulted and deceived him, "killed" him twice, id., abused its power, and unfairly enforced the law.  These allegations are unsupported legal conclusions, and as such are insufficient to state a claim, or even to

suggest that Li could amend his complaint to state such claims. Accordingly, the district judge should dismiss those claims from this action.

## II.   Domestic Violence Act

Li challenges the constitutionality of a law he identifies in his complaint as the "American Domestic Violence Act."  Li claims the "American Domestic Violence Act" is damaging to women, and to the fabric of American society, as it furthers the notion that women are weak and in need of protection rather than individuals who are equal to men, and attempts to erase the differences between men and women that are "laws of nature." Id. at 4.  Li further asserts that under the American Domestic Violence Act, "it is too easy . . . for one person to frame another."  Id.

As an initial matter, it is not clear what statute or law Li is challenging.  The court can find no federal, Massachusetts, or New Hampshire law called the "American Domestic Violence Act."

Additionally, even if Li can identify a specific law to which he objects, to have standing to challenge the constitutionality of a law, Li "must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed

7

by a favorable judicial decision.'"  Va. H.D. v. Bethune-Hill, 139 S. Ct. 1945, 1956 (2019) (citation omitted).  Li's assertions are insufficient to demonstrate that he suffered an injury traceable to the conduct of the WPD, which would be redressed if the court were to find the "American Domestic Violence Act" to be unconstitutional.

Accordingly, at this time, Li has not stated a cognizable constitutional challenge to the "American Domestic Violence Act" or any other law.  In an abundance of caution as Li is representing himself in this case, the court, in the Order issued simultaneously with this R&R, grants Li the opportunity to amend his complaint to identify the statute or law he seeks to challenge, and to demonstrate that he has standing to do so in this case.

III. Requested Ban on Feminists/Feminism

Li asks the court to "ban the feminist," and equates feminism with terrorism, generally for the same reasons that he objects to the law he identifies as the "American Domestic Violence Act."  There is no basis in law for granting this request, and the district judge should deny Li's requested ban.

IV.  Claims Asserted on Behalf of Others

In his filings, Li attempts to assert claims on behalf of

his children and "local residents."  Li, as a pro se party who is not an attorney, cannot assert claims on behalf of anyone other than himself in this court.  See 28 U.S.C. § 1654; LR 83.2(d).  Accordingly, the district judge should dismiss Li's claims so asserted.

## Conclusion

For the foregoing reasons, the district judge should: dismiss the claims set forth in section I(C) of this R&R, deny Li's request to ban feminism, and dismiss the claims Li asserted on behalf of anyone other than himself.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 10, 2019

cc:  Changgang Li, pro se

9