**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Changgang Li

    v.                                   Case No. 18-cv-880-PB

Warren Police Department

**REPORT AND RECOMMENDATION**

Pro se plaintiff Changgang Li filed a complaint alleging various civil rights claims. On preliminary review, the court severed some of Li's claims and transferred them to the District of Massachusetts. The remaining part of Li's complaint failed to state any claims upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The court, however, granted Li leave to amend his complaint to address several flaws identified by the court. Subsequently, Li filed a paper entitled "Complaint Amendment," which is now before the undersigned magistrate judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.3(d)(2).

**Standard of Review**

"The clerk's office shall forward to the magistrate judge for preliminary review the initial filings, and any subsequent amendments to those filings, by all nonincarcerated parties proceeding in forma pauperis . . . ." LR 4.3(d)(2). After preliminary review the magistrate judge may report and recommend that the action be dismissed because, inter alia, the court

lacks subject matter jurisdiction, the action is frivolous or malicious, or it fails to state a claim upon which relief can be granted. Id.

In considering whether a complaint states a claim upon which relief can be granted, the court asks whether the plaintiff has made allegations that are sufficient to render his entitlement to relief plausible. Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013). The court accepts all well-pleaded facts as true and draws all reasonable inferences in the pleading party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019).

## Background

A. Procedural History

In his initial complaint, liberally construed, Li raised claims against the Belmont Police Department and Cambridge Police Department, which are located in Massachusetts. On preliminary review, the court severed the claims against the Massachusetts defendants and transferred the newly opened case to the District of Massachusetts. See Jan. 9, 2019, Order (doc. no. 9).

In his initial complaint, Li also raised three claims against the Warren, New Hampshire, Police Department ("WPD"). The court identified those claims as follows:

1. The WPD violated Li's Fourth Amendment rights by:

>> a. illegally arresting him in his home, and
>
>> b. illegally searching and seizing his wallet.
>
> 2. The WPD, by illegally arresting and incarcerating Li, interfered with Li's First and Fourteenth Amendment rights to familial association and to parent his children.
>
> 3. The WPD violated Li's Fourteenth Amendment right to equal protection of the law, in that the WPD discriminated against him by failing to accept his statement, and by failing to give him a "clear reply."

Doc. 11, at 3-4. The court reviewed Li's allegations against the WPD and found that Li had failed to state any claims upon which relief could be granted.

Specifically, the court noted that Li had failed to allege that any "person" committed the acts underlying his civil rights claims, which were brought through 42 U.S.C. § 1983. Li also failed to allege facts supporting potential supervisory or municipal liability theories against WPD. See Morales v. Chadbourne, 793 F.3d 208, 221 (1st Cir. 2015); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Nevertheless, the court granted Li leave to amend his complaint so he could cure the deficiencies identified by the court. Specifically, the court asked Li to:

- identify any individual WPD officer or employee against whom he seeks to bring individual capacity claims;

- state, with specificity, what each individual defendant did or failed to do that violated Li's constitutional rights;

- state facts sufficient to support claims against the WPD under a theory of either supervisory liability or municipal liability;

- identify the specific law he describes in his complaint as the "American Domestic Violence Act"; and

- state facts to demonstrate that he has standing to challenge the constitutionality of the law he described in his complaint as the "American Domestic Violence Act."

Doc. 12 at 2.[1]  The district judge adopted the recommendations without objection from Li.  Doc. 14.

B. Amended Complaint

On September 26, 2019, after the court granted him leave to file an amended complaint, Li filed an Amended Complaint.  Doc. 13.  In the document, Li asserts that he does not understand the court's finding in the report and recommendation that he did not state any claims upon which relief could be granted.  He

---

[1] It was also recommended that the District Judge dismiss claims Li attempted to make on behalf of other persons as well as various unsupported legal conclusions and requests for relief.  Doc. 11, at 6-8 ("Li alleges generally that the WPD deprived him of 'all of [his] rights,' . . . insulted and deceived him, 'killed' him twice, . . . , abused its power, and unfairly enforced the law.").

4

surmises that the reason his claims failed was because he asked for $200 million in damages; accordingly, he suggests that $200,000 would be "maybe ok."  Doc. 13, at 1.

In response to the court's specific concerns, Li states that he "can't identify any individual WPD officer or employee" against whom he wants to bring individual capacity claims.  Id., at 1.  Further, Li states that he "can't even identify if WPD put me in jail or is the defendant."  Id.

As to the issue of supervisory or municipal liability, Li asserts that "the defendant" failed to provide him an interpreter; failed to tell him his rights; failed to allow him to understand "everything about [his] issues"; illegally searched and seized his wallet; lied to him; and did not ask him for his opinion, ask for his permission, or go through any legal procedures prior to taking his child.  In addition, Li states that he has "facts and evidence that Weiping Zhang has embezzled the company's funds and reported to Defendant, but the defendant did not [accept] because they are full of discrimination and prejudice against me."  Doc. 13, at 2.

Finally, Li states that he does not understand what the court means about identifying the specific law he describes as the "American Domestic Violence Act."  Id.  He requests an opportunity to answer this issue later.

5

**Discussion**

Li's Amended Complaint, even construed liberally and in conjunction with his earlier pleadings, fails to state any claims upon which relief can be granted. Furthermore, Li was provided an opportunity to correct the defects in his complaint, but he has failed to do so. Providing Li another opportunity to amend the complaint to state claims based on the causes of action he alleges is unlikely to result in a circumstance in which the case moves forward. Therefore, it is recommended that the amended complaint be dismissed without leave to amend.

A. Civil Rights Claims

As the court noted in its prior report and recommendation on preliminary review, Li's claims are ostensibly based on federal constitutional violations and brought through § 1983. Doc. 11, at 4 ("Li's claims arise under 42 U.S.C. § 1983, which renders persons acting under color of state law liable for constitutional and federal-law violations."). The only remaining defendant that Li named in this case, however, is the WPD, which is not a "person" within the meaning of § 1983. See Vick v. Massachusetts, No. 17-11531-PBS, 2017 WL 4102454, at *2 (D. Mass. Sept. 15, 2017).

The court provided Li an opportunity to amend his complaint so that he could identify any individual who committed specific acts. Not only did Li fail to identify any individuals

involved, he also acknowledged that he does not know whether the WPD committed any of the civil rights violations he alleges.

Nor does Li allege facts from which any claim of supervisory or municipal liability for a constitutional violation could be sustained against the WPD. As the court explained in its prior report and recommendation, "[w]hen execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury, then the government as an entity may be held responsible under § 1983." Doc. 11, at 6 (quoting Monell, 436 U.S. at 694). While Li generally alleges various acts taken by unspecified actors that he believes violated his constitutional rights, he does not allege any facts from which it can be inferred that the injuries he alleges were the result of the execution of the WPD's policies or customs. See Soukup v. Garvin, No. 09-cv-146-JL, 2009 WL 2461687, at *3 (D.N.H. Aug. 11, 2009). In fact, as noted, Li states that he does not even know whether the WPD was involved.

B. Constitutionality of "American Domestic Violence Act"

In addition to his apparent civil rights claims against the WPD, Li also indicated in his original complaint that he wanted to challenge the constitutionality of a law called the "American Domestic Violence Act." Alternatively, Li might be attempting a

7

general challenge to domestic violence laws in the United States.  See Doc. 1, at 4-5 ("Change the American Domestic Violence Act").  In its order accompanying the prior report and recommendation on preliminary review, the court invited Li to provide a more specific identification of the law he wants to challenge in an amended complaint and to demonstrate facts establishing his standing.  In his amended complaint, however, Li again fails to identify any specific law and attempts to defer the identification of the basis for his lawsuit until later.

The court cannot identify any law called the "American Domestic Violence Act," nor will it engage in wholesale guesswork about the laws to which Li might refer in his complaint or amended complaint.  See Fed. R. Civ. P. 8(a)(2).  And, as noted, there is no sign that Li will utilize another opportunity to amend his complaint to fix his claims or to state any cognizable claim on this issue or any other.

## Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss Li's Amended Complaint without leave to amend and close the case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific

written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

                                                       _____
                                                       Andrea K. Johnstone
                                                       United States Magistrate Judge

December 16, 2020

cc:   Changgang Li, pro se